1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

LILLIAN MWERU AND
ELIZABETH NYAMBURA,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et
al.,

Defendants.

CASE NO. C17-1497-MJP

ORDER DENYING MOTION FOR
RECONSIDERATION

16

17

18

THIS MATTER comes before the Court on Plaintiffs' Motion for Reconsideration of

Dismissal. (Dkt. No. 9.) Having reviewed the Motion and all related papers, the Court DENIES

the Motion.

19

20

21

22

23

24

Plaintiffs filed this case on October 5, 2017, alleging that the United States Citizenship

and Immigration Service ("USCIS") wrongfully denied them lawful permanent resident status.

(Dkt. No. 1.) On December 6, 2017, the Court ordered the parties to file a Joint Status Report

("JSR") no later than January 17, 2018. (Dkt. No. 2.) After no JSR was filed, the Court

extended the deadline to February 2, 2018. (Dkt. No. 3.) On the day the JSR was due, Plaintiffs

1 filed an affidavit of service and an amended complaint stating that they were unable to comply

2 with the Court's order regarding the JSR because "Defendants have filed no response." (Dkt.

3 No. 4.) On February 16, 2018, the Court dismissed the case due to the parties' failure to file a

4 JSR. (Dkt. No. 8.)

5     Motions for reconsideration are disfavored and are ordinarily denied "in the absence of a

6 showing of manifest error in the prior ruling or a showing of new facts or legal authority which

7 could not have been brought to its attention earlier with reasonable diligence." See LCR 7(h)(1).

8 Plaintiffs' motion does not provide the Court with sufficient justification for reconsideration.

9 Even giving pro se plaintiffs the benefit of any doubt, see Karim-Panahi v. Los Angeles Police

10 Dept., 839 F.2d 621, 623 (9th Cir. 1988), they failed to file proper procedures for serving their

11 complaint or complying with the Court's Orders regarding the JSR. Further, reconsideration in

12 this case would be futile, as the Court does not have jurisdiction in the first instance to hear what

13 is effectively an appeal of an unfavorable determination regarding Plaintiff's immigration

14 application. See 8 C.F.R. 245.3; § 103.3 (appellate jurisdiction for denial of application or

15 petition lies with Board of Immigration Appeals or the USCIS Administrative Appeals Office).

16     Therefore, the Court DENIES the Motion. The dismissal entered on February 16, 2017

17 remains in effect.

18     The clerk is ordered to provide copies of this order to all counsel.

19     Dated March 8, 2018.

20

21

    Marsha J. Pechman

22     United States District Judge

23

24